IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MATTHEW M. ROBINSON,**

    Plaintiff,

vs.                                                     CASE NO. 5:05cv53-RH/WCS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and local rule 72.2(D).  It is recommended that the decision of the Commissioner be affirmed.

**I.    Procedural status of the case**

    Plaintiff, Matthew M. Robinson, applied for disability insurance benefits and supplemental security income benefits.  Plaintiff was born on May 20, 1981.  He was 23 years old at the time of the administrative hearing, had a 12th grade education, and had past relevant work as a front end loader driver, maintenance worker, reconstruction specialist for an automobile dealership, and a debt collector.  Plaintiff alleges disability

due to back and joint pain, and musculoskeletal deformities associated with hypophosphatemic[1] rickets. He has had thirteen skeletal surgeries to correct these problems.

The Administrative Law Judge found that Plaintiff was capable of performing a full range of light and sedentary work, could still perform his past relevant work as a maintenance worker (light work) and debt collector (sedentary work), and was not disabled as defined by Social Security law. Plaintiff argues that the residual functional capacity finding is not supported by substantial evidence in the record.

## II. Legal standards guiding judicial review

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Commissioner's factual findings are conclusive if supported by substantial evidence." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240, n. 8 (11th Cir. 2004) (citations omitted). The court must give "substantial

---

[1] Pertaining to hypophosphatemia, which is an abnormally decreased amount of phosphates in the blood. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY available at: http://www.mercksource.com/pp/us/cns/cns_hl_dorlands.jspzQzpgzEzzSzppdocszSzuszSzcommonzSzdorlandszSzdorlandzSzdmd_a-b_00zPzhtm.

Case No. 5:05cv53-RH/WCS

deference to the Commissioner's decision." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).  "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ.  A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983).  "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' " Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).  A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Both the "impairment" and the "inability" must be expected to last not less than 12 months.  Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

The Commissioner analyzes a claim in five steps.  20 C.F.R. § 404.1520(a)-(f):

1.   Is the individual currently engaged in substantial gainful activity?

      2.        Does the individual have any severe impairments?

      3.        Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

      4.        Does the individual have any impairments which prevent past relevant work?

      5.        Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits. A positive finding at step three results in approval of the application for benefits. At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work. If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy. Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

## III. Analysis

Plaintiff had his first of thirteen surgeries at age 11, and the last at age 17. R. 13. He was 23 years old at the time of the administrative hearing. R. 253.

On August 31, 1999, R. Jay Cummings, M.D., Plaintiff's treating physician, summarized the treatment he had received to date. R. 114. He said:

> Work up of his metabolic status showed that the problem that caused the recurrence was tertiary hyperparathyroidism. He underwent partial parathyroidectomy removal with resolution of his metabolic disorder. . . .

                \*                \*                \*

> Obviously, his underlying metabolic disorder will be a lifelong problem for him requiring treatment.  He, in addition, because of this may require further orthopedic procedures into adulthood and he is obviously limited in his physical activities because of this condition. . . .

*Id.*

Plaintiff did not receive any further medical treatment until December 30, 2002, when he was treated for pain in his right heel at the Bay Medical Center emergency room.  R. 184, 189.  Plaintiff reported the onset of severe pain in the heel four or five days earlier, and arrived in a wheelchair with crutches.  R. 184.  He had had surgery on that foot previously.  *Id.*  Plaintiff was not taking any medications, was not under the care of any endocrinologist, and other than the pain in his heel, had "no other problems or complaints."  *Id.*  Upon examination it was found that Plaintiff was in no acute distress, could flex and extend his neck easily, was neurologically intact, had normal gait except with inability to bear weight on the plantar aspect of the foot and heel.  R. 184-185.  An x-ray was ordered to rule out a stress fracture.  R. 185.  Splinting was provided.  *Id.*  The x-ray revealed a plantar calcaneal spur and no acute fractures.  R. 186.  The impression was osteoporosis without fracture.  *Id.*  The treating physician's impression was plantar fasciitis with heel contusion; he directed that Plaintiff have no weight bearing on the heel and wear well padded shoes.  R. 188, 191.

The pain in the heel continued for a few months.  On February 5, 2003, Plaintiff was seen at the Bay Podiatry Center by Kiran Narji, D.P.M.  R. 245-246.  Plaintiff related to Dr. Narji that the heel pain had an:

> aching quality, with sharp quality, moderate severity and intermittent duration.  The pain is located in the plantar aspect of the right heel.  Pain is made worse with ambulation, daily activity and weight bearing.  Pain seems worse upon standing after long periods of non-weight bearing. . . .

R. 245. Upon examination, Dr. Narji noted: "Patient appears active and healthy with no apparent physical problems. Patient appears well developed, well oriented, and well nourished." *Id*. The pain in the heel was acute upon palpation. *Id*. However, Dr. Narji also found:

> there is painfree range of motion of the joints in the area of chief complaint of the left foot. There is painfree range of motion of the joints in the area of chief complaint of the right foot. Muscle strength and tone on the left extremity is within normal limits. There is no evidence of intrinsic or extrinsic muscle weakness or atrophy. Muscle tone is normal. Flexor, extensor, abductor, and adductor muscle strength is within normal limits. There is a limb length discrepancy with the right limb to measure approximately 1.0cm longer than the left limb. Muscle strength and tone on the right extremity is within normal limits. There is no evidence of intrinsic or extrinsic muscle weakness or atrophy. Muscle tone is normal. Flexor, extensor, abductor, and adductor muscle strength is within normal limits.

*Id*. Reflexes were active and symmetrical. R. 246.

Dr. Narji's diagnosis was heel spur syndrome, plantar fasciitis, and inferior calcaneal bursitis, right foot. R. 246. The course of treatment included an injection of medications and a right heel lift. *Id*. Plaintiff was advised to wear supportive sneakers, avoid barefoot walking or standing, and apply ice after stretching the heel. *Id*.

Plaintiff returned to Dr. Narji on February 19, 2003, reporting 100% relief of his right heel pain. R. 244. He had followed all treatment instructions. *Id*. There was no acute pain upon palpation of "the medial and central bands of the plantar fascia, right foot" or of the right heel. *Id*. The treating physician found the condition to be "markedly improved." *Id*. A follow up was scheduled for four weeks thereafter. *Id*. There is no record of any follow up treatment.

Page 7 of 10

The last current medical record is a consultative examination by Tahir Khan, M.D., on April 9, 2003.  R. 194-197.  Dr. Khan noted that Plaintiff reported that he experienced chronic back, shoulder, hip, and knee pains.  R. 194.  Plaintiff reported sharp low back pain made worse by sitting or walking for more than 20 minutes, with radiation of the pain to the shoulders and upper back.  *Id.*  Pain was also described in the right shoulder, made worse with typing or working, numbness in the right finger, and pain in both hip joints.  *Id.*  Plaintiff said he took Ibuprofen.  R. 195.  He said he had previously taken preparations of vitamin D, calcium, magnesium, and "phospho," but found them too expensive to buy and he had no insurance.  *Id.*

Upon examination, Dr. Khan found Plaintiff to be "sitting comfortably in the chair without any distress."  R. 195.  Dr. Khan examined Plaintiff's extremities (shoulders, elbows, hips, knees, ankles), finding a few mild restrictions.  R. 195-196.  He examined Plaintiff's spine (cervical, thoracic, lumbar, straight leg raising), similarly finding a few mild restrictions.  R. 196.  Neurologically he found Plaintiff to have fully intact motor strength in "all the major extensive flexor groups of the four extremities," and "no muscular atrophy . . . anywhere."  *Id.*

Dr. Khan summarized his findings:

> The patient['s] gait was normal and he could ambulate without any significant distress or disability.  He did not need any devices for support or stability.  Spine examination reveals no obvious deformities on inspection but his later flexions were minimally restrict on both sides but his flexion and extension were not restricted.  Patient straight leg raise, both supine and seated were negative.  There is no evidence of muscular atrophy.

*Id.*

The Administrative Law Judge reviewed all of this evidence and concluded that Plaintiff retains the residual functional capacity to perform "light" work,[2] which includes the ability to do "sedentary" work.  R. 15.  He noted that Plaintiff had his last surgery in 1998, and did not seek any medical treatment until the end of 2002, when he had heel pain.  *Id.*  After a short period of treatment, the heel pain was 100% improved.  *Id.*  He found that Plaintiff was not taking any pain medication then or at the hearing.  *Id.*  The ALJ reasoned that "[i]t is reasonable to assume that if the claimant's pain was of the severity that he testified to at the hearing, he would have sought medical attention over the years."  *Id.*  He noted that Plaintiff had testified that he could carry 20 pounds, the consultative physician found no evidence of muscle atrophy and found that Plaintiff's gait was normal, and that he could ambulate without difficulty.  *Id.*  He noted that no doctor had expressed the opinion that Plaintiff could not work.  *Id.*  Finally, he found that Plaintiff was "able to take care of his personal needs, drive, go to the grocery store, care for his four snakes and gecko, and vacuum the house," and watch television and read books.  *Id.*

---

[2] The Commissioner's rules define "light work" in part:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

These findings are supported by substantial evidence in the record. The medical findings are discussed above, and the evidence of occasional moderate daily activities is found in the transcript of the administrative hearing. R. 258-261, 263. While Dr. Cummings believed that Plaintiff would need further treatment in the future, and that his physical activities would be curtailed in the future, evidence that this has occurred is lacking in this record.

The finding that Plaintiff takes no pain medication is flawed, but not a serious error. Plaintiff testified that he that he took over-the-counter pain medications, but there is no evidence that he takes any stronger medications. R. 262, 265.

Plaintiff argues that there was evidence that he could not afford vitamin and mineral supplements, or other medical treatment, citing his own statements in the record. R. 195 (supplements), 277 (visits to a physician). Poverty will excuse noncompliance with prescribed treatment. Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988). But here, when he needed treatment for pain in his heel, Plaintiff was seen and treated at the hospital emergency room and at the podiatry clinic. He did not appear to have any difficulty obtaining that treatment and the treatment entirely alleviated the pain. He was able to purchase over-the-counter pain medications. There is no evidence that he sought treatment and was denied such treatment due to his inability to pay. Thus, substantial evidence exists to support the conclusion by the Administrative Law Judge that had Plaintiff's condition been sufficiently disabling, he would have sought and obtained further treatment.

**Conclusion**

Since the finding that Plaintiff has the residual functional capacity to perform "light" work is supported by substantial evidence in the record, the decision of the Commissioner should be affirmed.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 7, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**